Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| LINDA HAUCK as personal representative of DEBORAH A. CHAMBERS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **Removed from First Judicial Court,**<br>) **Santa Fe County, New Mexico**<br>) |
| WABASH NATIONAL CORPORATION | ) **Case No. 1:18-CV-00471**<br>) |
| Defendant. | )<br>)<br>) |

**DEFENDANT WABASH NATIONAL CORPORATION'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Wabash National Corporation, by counsel and pursuant to Federal Rules of Civil Procedure 33, 34 and 36, provides the following supplemental responses to Plaintiffs' discovery requests.

Wabash provides the discovery responses below based upon limited information available to it, because Wabash was notified of the accident only long after it occurred, and after both Plaintiff's automobile and the Subject Semi-Trailer disappeared. Accordingly, Wabash has not been able to examine either the vehicle or the Subject Semi-Trailer to verify any information, even including identifying information. To the extent that Plaintiff alleges certain identifying information about the Subject Semi-Trailer, Wabash relies upon that information in its responses, and all responses are subject to the assumption that Plaintiff's identifying information about the Subject Semi-Trailer is complete and accurate.

1

Wabash is providing supplemental responses in accordance with the Court's Order on Plaintiffs' motion to compel (DE 59) and the Agreed Protective Order the parties will enter into.

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 7:** Please admit that you did not equip the Subject Semi-Trailer with any form of side under-ride protection.

**RESPONSE:** Denied insofar as "under-ride protection" could be considered to include reflective tape to provide conspicuity of the trailer. To the extent "under-ride protection" is defined as a side impact guard designed to prevent vehicles from underriding the side of a trailer, this Request is admitted.

## INTERROGATORIES

**INTERROGATORY NO. 2:** Please identify the Subject Semi-Trailer by stating the name or designation which you use to identify it (i.e. platform, model, product group, etc.), further identifying the model year trailers which fall within such name or designation and other trailers manufactured by you which are included in said name or designation.

**ANSWER:** Wabash objects to the Interrogatory as requesting information that is irrelevant and not proportional to the needs of the case, particularly with regard to other trailers. Subject to and without waiving this objection, Wabash has been informed by Plaintiff that the Subject Semi-Trailer has the following identifying information: 2000 Wabash DVCV semi-trailer (VIN: 1JJV532W1YL629228). As its supplemental response, Wabash states that the subject trailer has a model name of DVCVHPC, which has remained the model name of Wabash's dry van trailers since that time. The features of trailers with this model name have changed at various times, however, and the 2000 model DVCVHPC is substantially different than current models.

**INTERROGATORY NO. 4:** Please identify all testing done to evaluate the design or performance of the rear under-ride protection device you placed on the Subject Semi-Trailer.

**ANSWER:** Wabash objects to the Interrogatory as requesting information that is irrelevant, is not limited in time, and not proportional to the needs of the case, as Plaintiff struck the side of the Subject Semi-Trailer and not the rear of the Subject Semi-Trailer. As its supplemental response, Wabash states that it performed static testing on rear impact guards of the type that was present on the subject trailer. The results of that testing may be found in documents produced as D-86 through 113.

**INTERROGATORY NO. 5:** Please identify each standard, including any company, industry or governmental standard, to which you designed and/or manufactured the rear under-ride protection device which you placed on the Subject Semi-Trailer.

**ANSWER:** Wabash objects to the Interrogatory as requesting information that is irrelevant, is not limited in time, and not proportional to the needs of the case, as Plaintiff struck the side of the Subject Semi-Trailer and not the rear of the Subject Semi-Trailer. As its supplemental response, Wabash states that the standard applicable to the rear impact guard on the subject trailer may be found in FMVSS 223 and 224.

**INTERROGATORY NO. 6:** Please identify each patent which you own or previously owned with respect to rear under-ride protection devices for use on dry van or refrigerated van trailers.

**ANSWER:** Wabash objects to the Interrogatory as requesting information that is irrelevant, unlimited in time, and not proportional to the needs of the case, as Plaintiff struck the side of the Subject Semi-Trailer and not the rear of the Subject Semi-Trailer. As its

supplemental response, Wabash states that it has no patents on the rear impact guard that was attached to the subject trailer.

**INTERROGATORY NO. 8:** Please identify each side under-ride protection device you considered for use on the Subject Semi-Trailer.

**ANSWER:** Wabash objects to the Interrogatory as vague, as the term "side under-ride protection device" is undefined, and the definition of that term would be particularly important in responding to this Interrogatory. Wabash is not aware of information regarding the consideration of side underride protection on trailers manufactured in 2000, when the subject trailer was manufactured. As its supplemental response, Wabash states that it is not aware of information regarding the consideration of side impact guards on 2000 model year trailers.

**INTERROGATORY NO. 11:** Please identify each aeroskirt or other side aerodynamic solution which you have designed and/or manufactured for use on your dry van or refrigerated van trailers, including in your answer when the design of each system was started and the first model year trailer on which it was made available.

**ANSWER:** Wabash objects to the Interrogatory as requesting information that is irrelevant, not limited in time, and not proportional to the needs of the case, as aeroskirts or other side aerodynamic devices have never been considered to provide side impact protection. Wabash further objects to this Interrogatory as requesting information that is confidential and proprietary. As its supplemental response, Wabash states that it first manufactured aeroskirts beginning in 2009. In further response, Wabash refers to documents produced as WNC-83 through 85.

**INTERROGATORY NO. 14:** Please identify each side under-ride protection device which you have designed and/or manufactured for use on your dry van or refrigerated van trailers, including in your answer when the design of each system was started and the first model year trailer on which it was made available.

**ANSWER:** Wabash objects to the Interrogatory as vague, as the term "side under-ride protection device" is undefined. Wabash objects to the Interrogatory as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Subject to and without waiving these objections, Wabash states that it did not design or manufacture side impact guards in 2000, when the subject trailer was manufactured, and that it did not design side impact guards for many years thereafter. Accordingly, Wabash further objects to this Interrogatory as not proportional to the needs of the case, as Wabash's present evaluations of side impact guards have no bearing on Wabash's consideration of side impact guards when the subject trailer was manufactured nearly two decades ago. As its supplemental response, Wabash states that it obtained a patent on a theoretical side impact guard design in 2012, which is being produced as D-159 through 195. In further response, Wabash refers to documents marked D-115 and D-123 through 158, which pertain to the prototype design Wabash displayed.

**INTERROGATORY NO. 15:** Please identify all testing done to evaluate the design or performance of any side under-ride protection device designed and/or manufactured for use on your dry van or refrigerated van trailers.

**ANSWER:** Wabash objects to the Interrogatory as vague, as the term "side under-ride protection device" is undefined. Wabash objects to the Interrogatory as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Subject to and without waiving these objections, Wabash states that it did not design or manufacture side impact guards

in 2000, when the subject trailer was manufactured, and that it did not design side impact guards for many years thereafter. Accordingly, Wabash further objects to this Interrogatory as not proportional to the needs of the case, as Wabash's present evaluations of side impact guards have no bearing on Wabash's consideration of side impact guards when the subject trailer was manufactured nearly two decades ago. As its supplemental response, Wabash states that it has conducted testing on the prototype design that it previously displayed, and documents regarding that testing are being produced as D-116 through 122 and D-196 through 349, along with the videos also being produced.

**INTERROGATORY NO. 16:** Please identify each patent which you own or previously owned with respect to side under-ride protection devices for use on dry van or refrigerated van trailers.

**ANSWER:** Wabash objects to the Interrogatory as vague, as the term "side under-ride protection device" is undefined. Wabash objects to the Interrogatory as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Wabash further objects to this Interrogatory as not proportional to the needs of the case, as any patents regarding side impact guards were based upon concepts developed and work that was performed many years after the subject trailer was manufactured. As its supplemental response, Wabash refers to the patent produced at D-159 through 195.

**INTERROGATORY NO. 20:** Please identify all studies, tests and/or surveys done to evaluate the under-ride safety of the Subject Semi-Trailer line or any of your other trailers that are substantially similar in design.

**ANSWER:** Wabash objects to the Interrogatory as vague and to the extent it could be interpreted as requesting that Wabash disclose proprietary, confidential, and/or trade secret information, is unlimited in time, inquires into irrelevant matters, and may inquire into subsequent remedial measures. Subject to and without waiving these objections, Wabash states that it is not aware of any studies, tests and/or surveys done in or prior to 2000 on Wabash trailers to evaluate their underride safety in the context of side impacts. As its supplemental response, Wabash refers to testing documents produced as D-86 through 113.

**INTERROGATORY NO. 22:** Please identify all lawsuits, claims or complaints made against you wherein it is alleged that a person suffered personal injury or death as a result of a vehicle under-riding the side of your trailers due to a lack of side under-ride protection.

**ANSWER:** Wabash objects to this Interrogatory as vague and overbroad, in that it is unclear whether this Interrogatory refers to the side impact guard on the subject trailer, side impact guards of that same type, or side impact guards in general. Wabash further objects to this Interrogatory because it inquires into irrelevant matters, as the circumstances of this accident are different than other lawsuits, claims, or complaints against Wabash. As its supplemental response, Wabash refers to its document production beginning at D-350.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 6**: Please produce all design and engineering drawings for the rear under-ride protection device you placed on the Subject Semi-Trailer.

**RESPONSE:** Wabash objects to this Request as requesting information that is irrelevant, not limited in time, and not proportional to the needs of the case, as Plaintiff struck the side of the Subject Semi-Trailer and not the rear of the Subject Semi-Trailer. Wabash further

7

objects to this Request on the grounds that it is overly broad and unduly burdensome. Wabash objects to this request on the grounds that it seeks confidential, proprietary information. As its supplemental response, Wabash states it is producing responsive documents marked D-75 through 82.

**REQUEST FOR PRODUCTION NO. 7**: Please produce all reports, photographs, videos, diagrams charts and other documents prepared in connection with any testing done to evaluate the design or performance of the rear under-ride protection device you placed on the Subject Semi-Trailer.

**RESPONSE:** Wabash objects to this Request as requesting information that is irrelevant, not limited in time, and not proportional to the needs of the case, as Plaintiff struck the side of the Subject Semi-Trailer and not the rear of the Subject Semi-Trailer. Wabash further objects to this Request on the grounds that it is overly broad and unduly burdensome. Wabash objects to this request on the grounds that it seeks confidential, proprietary information. As its supplemental response, Wabash states it is producing responsive documents marked D-86 through 113.

**REQUEST FOR PRODUCTION NO. 8**: Please produce all standards, including any company, industry or governmental standard, to which you designed and/or manufactured the rear under-ride protection device which you placed on the Subject Semi-Trailer.

**RESPONSE:** Wabash objects to this Request as requesting information that is irrelevant, not limited in time, and not proportional to the needs of the case, as Plaintiff struck the side of the Subject Semi-Trailer and not the rear of the Subject Semi-Trailer. Wabash further objects to this Request on the grounds that it is overly broad and unduly burdensome. Wabash

objects to this request on the grounds that it seeks confidential, proprietary information. As its supplemental response, Wabash refers to FMVSS 223 and 224.

**REQUEST FOR PRODUCTION NO. 9**: Please produce each patent which you own or previously owned with respect to rear under-ride protection devices for use on dry van or refrigerated van trailers.

**RESPONSE:** Wabash objects to this Request as requesting information that is irrelevant, unlimited in time, and not proportional to the needs of the case, as Plaintiff struck the side of the Subject Semi-Trailer and not the rear of the Subject Semi-Trailer. Wabash further objects to this Request on the grounds that it is overly broad and unduly burdensome. Wabash objects to this request on the grounds that it seeks confidential, proprietary information. As its supplemental response, Wabash states it has no patents on the rear impact guard that was attached to the subject trailer.

**REQUEST FOR PRODUCTION NO. 14**: Please produce all design and engineering drawings for each aeroskirt or other side aerodynamic solution which you have designed and/or manufactured for use on your dry van or refrigerated van trailers.

**RESPONSE:** Wabash objects to this Request as requesting information that is irrelevant and not proportional to the needs of the case, as aeroskirts are not designed to provide, or marketed as providing, protection for cars striking the side of the trailer. Aeroskirts are used only to improve aerodynamic performance. Wabash further objects to this Request on the grounds that it is overly broad and unduly burdensome. Wabash objects to this request on the grounds that it seeks confidential, proprietary information. As its supplemental response, Wabash states it is producing responsive documents marked D-83 through 85.

**REQUEST FOR PRODUCTION NO. 16**: Please produce all design and engineering drawings for any side under-ride protection device which you designed and/or manufactured for use on your dry van or refrigerated van trailers, including any prototype guards.

**RESPONSE:** Wabash objects to the Request as vague, as the term "side under-ride protection device" is undefined. Wabash objects to this Request as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Subject to and without waiving these objections, Wabash states that it did not design or manufacture side impact guards in 2000, when the subject trailer was manufactured, and that it did not design side impact guards for many years thereafter. Accordingly, Wabash further objects to this Request as not proportional to the needs of the case, as Wabash's present evaluations of side impact guards have no bearing on Wabash's consideration of side impact guards when the subject trailer was manufactured nearly two decades ago. As its supplemental response, Wabash states it is producing responsive documents relating to its prototype design displayed at the NACV show, which documents are marked D-115 and D-123 through 158.

**REQUEST FOR PRODUCTION NO. 17**: Please produce all reports, photographs, videos, diagrams charts and other documents prepared in connection with any testing done to evaluate the design or performance of any side under-ride protection device which you designed and/or manufactured for use on your dry van or refrigerated van trailers, including any prototype guards.

**RESPONSE:** Wabash objects to this Request as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Subject to and without waiving these objections, Wabash states that it did not design or manufacture side impact guards in 2000, when the subject trailer was manufactured, and that it did not design side impact guards for many years

thereafter.  Accordingly, Wabash further objects to this Request as not proportional to the needs of the case, as Wabash's present evaluations of side impact guards has no bearing on Wabash's consideration of side impact guards when the subject trailer was manufactured nearly two decades ago.  As its supplemental response, Wabash states it is producing responsive documents relating to its prototype design displayed at the NACV show, which documents are marked D-116 through 122 and D-196 through 249.

**REQUEST FOR PRODUCTION NO. 18**:  Please produce all standards, including any company, industry or governmental standard, to which you designed and/or manufactured any side under-ride protection device for use on your dry van or refrigerated van trailers, including any prototype guards.

**RESPONSE:** Wabash objects to the Request as vague, as the term "side under-ride protection device" is undefined.  Wabash objects to this Request as it requests Wabash to disclose proprietary, confidential, and/or trade secret information.  Subject to and without waiving these objections, Wabash states that it did not design or manufacture side impact guards in 2000, when the subject trailer was manufactured, and that it did not design side impact guards for many years thereafter.  Accordingly, Wabash further objects to this Request as not proportional to the needs of the case, as Wabash's present evaluations of side impact guards have no bearing on Wabash's consideration of side impact guards when the subject trailer was manufactured nearly two decades ago.  As its supplemental response, Wabash states it is producing responsive documents marked D-114.

**REQUEST FOR PRODUCTION NO. 19**: Please produce each patent which you own or previously owned with respect to side under-ride protection devices for use on dry van or refrigerated van trailers.

**RESPONSE:** Wabash objects to the Request as vague, as the term "side under-ride protection device" is undefined. Wabash objects to this Request as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Subject to and without waiving these objections, Wabash states that it did not design or manufacture side impact guards in 2000, when the subject trailer was manufactured, and that it did not design side impact guards for many years thereafter. Accordingly, Wabash further objects to this Request as not proportional to the needs of the case, as Wabash's present evaluations of side impact guards have no bearing on Wabash's consideration of side impact guards when the subject trailer was manufactured nearly two decades ago. As its supplemental response, Wabash states it is producing responsive documents marked D-159 through 195.

**REQUEST FOR PRODUCTION NO. 21**: Please produce all test reports, photographs, videos, diagrams charts and other documents on which you relied to evaluate the under-ride safety of the Subject Semi-Trailer line or any of your other trailers that are substantially similar in design.

**RESPONSE:** Wabash objects to this Request as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Subject to and without waiving these objections, Wabash states that it did not design or manufacture side impact guards in 2000, when the subject trailer was manufactured, and that it did not design side impact guards for many years thereafter. Accordingly, Wabash further objects to this Request as not proportional to the needs of the case, as Wabash's present evaluations of side impact guards have no bearing on Wabash's

consideration of side impact guards when the subject trailer was manufactured nearly two decades ago. As its supplemental response, Wabash states it is producing responsive documents marked D-86 through 113.

**REQUEST FOR PRODUCTION NO. 22**: Please produce all Petitions, Complaints, consumer complaints, product complaint reports and/or other similar communications or documents asserting claims of personal injury or death as a result of a vehicle under-riding the side of your trailers due to a lack of side under-ride protection.

**RESPONSE:** Wabash objects to this Request as vague, in that it is unclear whether this Request refers to the side impact guard on the subject trailer, side impact guards of that same type, or side impact guards in general. Wabash further objects to this Request as inquiring into irrelevant matters, as the circumstances of this accident are different than other lawsuits, claims, or complaints against Wabash. As its supplemental response, Wabash states it is producing responsive documents beginning with D-350.

**REQUEST FOR PRODUCTION NO. 23**: Please produce all deposition or trial transcripts, including video records and all the exhibits referenced in any such transcript, of testimony of any individual designated by you as a corporate representative or who you designated as a retained expert in cases in which you were a defendant wherein a person asserted claims of personal injury or death as a result of a vehicle under-riding the side of your trailers due to a lack of side under-ride protection.

**RESPONSE:** Wabash objects to this Request as vague, in that it is unclear whether this Request refers to the side impact guard on the subject trailer, side impact guards of that same type, or side impact guards in general. Wabash further objects to this Request as inquiring into

irrelevant matters, as the circumstances of this accident are different than other lawsuits, claims, or complaints against Wabash. Subject to the objections, Wabash is unaware of any responsive documents. As its supplemental response, Wabash states no such documents exist.

**REQUEST FOR PRODUCTION NO. 24**: Please produce copies of all complaints/petitions, your answers thereto, your discovery responses and documents you produced in cases in which you were a defendant wherein a person asserted claims of personal injury or death as a result of a vehicle under-riding the side of your trailers due to a lack of side under-ride protection.

**RESPONSE:** Wabash objects to this Request as vague, in that it is unclear whether this Request refers to the side impact guard on the subject trailer, side impact guards of that same type, or side impact guards in general. Wabash further objects to this Request as inquiring into irrelevant matters, as the circumstances of this accident are different than other lawsuits, claims, or complaints against Wabash. Wabash objects to this Request as overly broad and unduly burdensome and not proportional to the needs of the case. As its supplemental response, Wabash states it is producing responsive documents beginning with D-350.

**REQUEST FOR PRODUCTION NO. 25**: Please produce all reports, records, sketches, diagrams, photographs, videos, recordings or other writings of any type prepared by any law enforcement agency, fire department, ambulance or any other governmental agency that investigated a collision from which a person asserted a lawsuit or claim against you wherein a person asserted claims of personal injury or death as a result of a vehicle under-riding the side of your trailers due to a lack of side under-ride protection.

**RESPONSE:** Wabash objects to this Request as vague, in that it is unclear whether this Request refers to the side impact guard on the subject trailer, side impact guards of that same type, or side impact guards in general. Wabash further objects to this Request as inquiring into irrelevant matters, as the circumstances of this accident are different than other lawsuits, claims, or complaints against Wabash. Wabash objects to this Request as overly broad and unduly burdensome and not proportional to the needs of the case. As its supplemental response, Wabash states it is producing responsive documents beginning with D-350.

**REQUEST FOR PRODUCTION NO. 33**: Please produce all reports, photographs, videos, diagrams, charts and other documents prepared in connection with durability testing of the Subject Semi-Trailer line, including but not limited to that pursuant to TTMA Recommended Practice 37 or other similar floor loading durability testing and/or structural crack/failure testing.

**RESPONSE:** Wabash objects to this Request as it requests Wabash to disclose proprietary, confidential, and/or trade secret information. Wabash further objects to this Request as not proportional to the needs of the case, as none of the requested documents have a reasonable relationship to the nature of the subject accident or Plaintiff's claims in this case. As its supplemental response, Wabash states it has no responsive documents.

As to objections:


*/s/ Brian M. Johnson*
Brian M. Johnson
bjohnson@dickinsonwright.com
DICKINSON WRIGHT PLLC
300 West Vine Street, Suite 1700
Lexington, Kentucky 40507
Phone: 859-899-8700

Mark C. Walker
New Mexico State Bar No.: 148359
New Mexico Federal Bar ID No.: 17-171
mwalker@dickinsonwright.com
Mario Franke
New Mexico State Bar No.: 142397
New Mexico Federal Bar No.: 11-197
mfranke@dickinsonwright.com
DICKINSON WRIGHT PLLC
221 North Kansas Street, Suite 2000
El Paso, Texas 79901
915-541-9322
844-670-6009 Facsimile

COUNSEL FOR DEFENDANT
WABASH NATIONAL CORPORATION

# VERIFICATION

I, Brian Belcher, a Product Development Engineer with Wabash National Corporation ("Wabash"), verify that that I am an authorized agent for Wabash National Corporation for the purposes of executing its Supplemental Answers to Interrogatories; that some of the matters stated in the foregoing Answers are within my personal knowledge and other matters have been compiled from the personal knowledge of other authorized agents of Wabash National Corporation; and that I am informed by those authorized agents and believe that the facts stated in the foregoing Answers are true.

WABASH NATIONAL CORPORATION

By: *[signature]*

Its: PRODUCT DEVELOPMENT MANAGER

STATE OF INDIANA )
)
COUNTY OF TIPPECANOE )

Subscribed and sworn to before me by Brian Belcher, Product Development Engineer with Wabash National Corporation, this 14th day of December, 2018.

My commission expires 2/5/2024.

*[signature]*
NOTARY PUBLIC

CHERYL L. SEIP
Seal
Notary Public - State of Indiana
Carroll County
My Commission Expires Feb 5, 2024

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing was served via email this 21st day of December, 2018, to the following:

Mr. Richard J. Grodner
Grodner Law Firm
2015 Wyoming Blvd., NE, Suite C
Albuquerque, NM 87112
rickgrodner1@comcast.net

Mr. David A. Brose (*admitted pro hac*)
Langdon & Emison LLC
911 Main Street, P. O. Box 220
Lexington, MO 64067
david@lelaw.com

COUNSEL FOR PLAINTIFF

*Brian M. Johnson*
COUNSEL FOR DEFENDANT
WABASH NATIONAL CORPORATION

LEXINGTON 63901-30 73518v1