IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA HAUCK as personal representative
of DEBORAH A. CHAMBERS,

    Plaintiff,

vs.                                                   Civ. No. 18-471 KG/LF

WABASH NATIONAL CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss for Spoliation and Supporting Brief (Motion to Dismiss for Spoliation), filed October 23, 2018; Plaintiff's Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion to Dismiss for Spoliation (Motion to File Sur-Reply), filed January 29, 2019; and Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Motion for Summary Judgment), filed March 25, 2019. (Docs. 34, 77, and 90). This case involves the death of Deborah Chambers when her passenger vehicle collided with a semi-trailer and under-rode the side of the semi-trailer. Plaintiff brings strict liability and negligence claims against the alleged manufacturer of the semi-trailer. (Doc. 1-1).

Defendant moves in the Motion to Dismiss for Spoliation to dismiss the lawsuit because the passenger vehicle has been demolished for parts and the semi-trailer cannot be located. On January 9, 2019, Plaintiff filed a response to the Motion to Dismiss for Spoliation. (Doc. 71). On January 23, 2019, Defendant filed a reply in support of the Motion to Dismiss for Spoliation. (Doc. 74). In that reply, Defendant argues, for the first time, that the Court should also dismiss the lawsuit because Defendant "did not even manufacture the subject trailer." (Doc. 74) at 1.

Plaintiff filed the Motion to File Sur-Reply, and attached proposed sur-reply, in response to the new ground for dismissal raised in the reply. In the proposed sur-reply, Plaintiff requests that the Court not consider the new ground for dismissal or, in the alternative, that the Court allow limited discovery regarding who manufactured the semi-trailer and then permit supplemental briefing on the Motion to Dismiss for Spoliation. (Doc. 77-1). On February 12, 2019, Defendant filed a response opposing the Motion to File Sur-Reply but not opposing discovery limited to the identification of the semi-trailer and a stay of other discovery and deadlines. (Doc. 83). On February 18, 2019, Plaintiff filed a reply. (Doc. 84).

Defendant then filed its Motion for Summary Judgment in which Defendant argues it is undisputed that Defendant did not manufacture the semi-trailer. On April 8, 2019, Plaintiff filed a response opposing the Motion for Summary Judgment but suggesting, at the very least, that the Court allow discovery on the issue of what company manufactured the semi-trailer and an opportunity for supplemental briefing based on the discovery. (Doc. 94) at 18. On April 22, 2019, Defendant filed a reply. (Doc. 97).

The Court addresses the Motion to File Sur-Reply first. "A surreply is not commonly allowed but can be useful and even necessary when a reply presents new evidence or raises new arguments." *Ullrich v. Ullrich*, 2019 WL 1299670, at *1 (D.N.M.). Here, Defendant clearly raises a new argument in its reply in support of the Motion to Dismiss for Spoliation. Consequently, the Court will grant Plaintiff's Motion to File Sur-Reply.

Furthermore, the Court notes that on May 9, 2019, the Magistrate Judge stayed discovery

> except that plaintiff is permitted 90 days (through August 6, 2019) to conduct limited discovery, through the use of document subpoenas only, to try to find more definitive information about the VIN# or manufacturer of the trailer involved in this case.

(Doc. 102) at 1.  The Magistrate Judge also vacated pretrial deadlines set in the Amended Order Granting Unopposed Motion to Extend Pretrial Deadlines (Doc. 81) and stated she will reset those deadlines after the Court rules on the Motion to Dismiss for Spoliation and the Motion for Summary Judgment.  (Doc. 102) at 2.

Because discovery as to who manufactured the semi-trailer may produce evidence dispositive of this case, the Court will not rule on the Motion to Dismiss for Spoliation until it is established that Defendant manufactured the semi-trailer.  Furthermore, with respect to the Motion for Summary Judgment, the Court will allow the parties to file supplemental briefs based on the new discovery.

IT IS ORDERED that:

1.  Plaintiff's Motion for Leave to File a Sur-Reply in Opposition to Defendant's Motion to Dismiss for Spoliation (Doc. 77) is granted;

2.  Plaintiff must file her proposed sur-reply no later than 14 days from the date of the entry of this Memorandum Opinion and Order;

3.  a ruling on Defendant's Motion to Dismiss for Spoliation and Supporting Brief (Doc. 34) is held in abeyance until it is established that Defendant manufactured the semi-trailer;

4.  with respect to the Motion for Summary Judgment (Doc. 90), Defendant may file a supplemental brief based on the new discovery no later than August 27, 2019; and

5.  Plaintiff may respond to that supplemental brief no later than September 11, 2019.

_____
UNITED STATES DISTRICT JUDGE