IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA HAUCK as personal representative
of the Estate of Deborah A. Chambers,

    Plaintiff,

vs.                                                  Civ. No. 18-471 KG/LF

WABASH NATIONAL CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Motion for Summary Judgment), filed March 25, 2109. (Doc. 90). Plaintiff filed a response on April 8, 2019, and Defendant filed a reply on April 22, 2019. (Docs. 94 and 97). Then, after limited discovery, Defendant filed a supplemental brief on August 23, 2019, and Plaintiff filed a supplemental brief on September 11, 2019. (Docs. 108 and 111). Having reviewed the Motion for Summary Judgment and the accompanying briefing, the Court grants the Motion for Summary Judgment, in part, as described herein.

*I. Background*

    *A. The Complaint*

On September 6, 2016, Deborah Chambers was driving a PT Cruiser that collided with a semi-trailer, under-riding the side of the semi-trailer (the subject semi-trailer). (Doc. 1-1) at ¶¶ 19 and 22. Chambers died as a result of the collision. *Id.* at ¶ 23. On April 6, 2018, Plaintiff filed her Complaint alleging that Defendant manufactured the subject semi-trailer and identifying it as a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228. *Id.* at ¶ 20. Plaintiff alleges that the subject semi-trailer failed to have "any shield, guard or other device to prevent

vehicles such as the PT Cruiser from under-riding the side of the Subject Semi-Trailer." *Id.* at ¶ 21. Consequently, Plaintiff brings strict liability and negligence claims against Defendant for the defective and unreasonably dangerous condition of the subject semi-trailer. *Id.* at ¶¶ 24-51.

Defendant moves for Motion for Summary Judgment on the basis that Plaintiff has not produced admissible evidence that it manufactured the subject semi-trailer. The Court notes that the subject semi-trailer has not been preserved and Defendant, in fact, has filed a motion to dismiss for spoliation, which is pending. (Doc. 34).

   *B. Summary of Material Facts Viewed in the Light Most Favorable to Plaintiff [1]*

The subject semi-trailer had an Oklahoma license plate. (Doc. 94-2) at 2. That Oklahoma license plate number is associated with an Oklahoma Tax Commission document that reflects that the license plate belonged to a 2000 Wabash DVC semi-trailer, VIN 1JJV532W1YL629228, owned by McKinney Vehicle Services, a California company. (Doc. 90-7) at 2. The Oklahoma Tax Commission document also states that the registration for the semi-trailer expired on December 31, 2011, years before the collision in 2016. *Id.* The Oklahoma Tax Commission document provided the basis for Plaintiff's allegation in the Complaint that the subject semi-trailer was a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228.

Defendant's Fed. R. Civ. P. 30(b)(6) designee, Brian Belcher, testified at his deposition that the specifications for a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, differs from the subject semi-trailer photographed at the scene of the accident. (Doc. 90) at 2, ¶ 2. A comparison of those specifications with photographs of the subject semi-trailer supports that deposition testimony. For instance, the 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, has five hinges on the rear door and no vents while photographs of the

---

[1] Unless otherwise noted, this summary of material facts is undisputed.

subject semi-trailer reveal four hinges on the rear door and one vent. *See* (Docs. 90-3, 90-5, and 90-6). Moreover, according to Defendant, Belcher testified, among other things, that the rear impact guard of the subject semi-trailer depicted in the photographs did not have a "c-curve shape," a shape Defendant "always used." (Doc. 90) at 4, ¶ 8.

In March 2019, Plaintiff subpoenaed Sundance Freight Services, Inc. (Sundance), a North Carolina company, to produce documents related to this case. (Doc. 94-4). In response to the subpoena, Sundance's attorney wrote a letter stating that Jeff Salmon "reviewed old records and found what he believes to be the registration card associated with the semi-trailer involved in the collision on September 6, 2016." (Doc. 94-5) at 2. The attorney attached to the letter a Maine registration card for a 2004 Wabash semi-trailer owned by Jefferson P. Salmon d/b/a Spurlin Trucking. *Id.* at 3. The registration card indicates that the VIN for the semi-trailer was 1JJV532W84L87628[], with the last digit being illegible. *Id.* Someone also wrote on the registration card "40324." *Id.* The State of Maine issued the registration card in 2014 and that registration expired in 2019. *Id.*

Notably, photographs of the back of the subject semi-trailer depict "40324" and the side of the tractor has the name "Spurlin Trucking." (Doc. 94-3) at 3; (Doc. 94-6) at 3. A newly discovered invoice for the tow truck company that removed the subject semi-trailer from the accident scene noted that it billed Spurlin Trucking for the tow service and that it towed a 2004 Wabash semi-trailer with a partial VIN 876286. (Doc. 108-1). By using a VIN Decoder to apply that partial VIN to complete the illegible last digit of the VIN on the Maine registration card,

Plaintiff determined that this second VIN, 1JJV532W84L876286, belongs to a 2004 Wabash semi-trailer.[2] (Doc. 111-1).

As a result of this newly discovered evidence, Plaintiff filed "Plaintiff's Revised Opposed Motion for Leave to Amend Complaint" on September 18, 2019. (Doc. 113). Plaintiff moves to amend the Complaint to allege that the subject semi-trailer was "either a 2000 Wabash DVCV semi-trailer (VIN: 1JJV532 W1YL629228) or a 2004 Wabash DVCV semi-trailer (VIN: 1JJV532W84L876286)…." (Doc. 113-1) at ¶ 20. The Court will address that motion after deciding this Motion for Summary Judgment. Then, if necessary, the Court will address the motion to dismiss for spoliation.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). A dispute over a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in the nonmoving party's favor. *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013).

---

[2] Before Plaintiff had the partial VIN from the tow company invoice and when Plaintiff believed the last 2 digits of the VIN on the Maine registration card were illegible, another VIN Decoder resulted in a Wabash semi-trailer, VIN 1JJV532W84L876207. (Doc. 94-8) at 2.

*III. Discussion*

    *A. Whether a 2000 Wabash DVCV Semi-Trailer, VIN 1JJV532W1YL629228, as Alleged in the Complaint, was the Subject Semi-Trailer*

Plaintiff makes three arguments in opposition to Defendant's request for summary judgment on claims based on a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, as alleged in the Complaint: (1) Defendant's own admissions and pleadings create a genuine issue of material fact as to Defendant's role in the manufacture of the subject semi-trailer identified as a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228; (2) the Oklahoma Tax Commission's document creates a genuine issue of material fact as to Defendant's role in the manufacture of the subject semi-trailer identified as a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228; and (3) Defendant failed to come forward with admissible evidence that it did not manufacture the subject semi-trailer identified as a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, because Belcher's testimony is inadmissible "speculation/hearsay."

Plaintiff argues first that Defendant already admitted in requests for admissions that it designed and manufactured the 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228. Defendant, in fact, made those admissions. (Doc. 94-1) at 3. However, Defendant expressly stated that "all responses are subject to the assumption that Plaintiff's identifying information about the Subject Semi-Trailer [in the Complaint] is complete and accurate." *Id.* at 2. Plaintiff has since produced evidence that the identifying information in the Complaint may not be accurate, i.e., that the subject semi-trailer could be a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286. Because Defendant relied on a questionable assumption in responding to the requests for admissions, Defendant's admissions about designing and manufacturing the subject semi-trailer carry no weight.

5

Plaintiff next argues that Defendant concedes in its reply to the motion to dismiss for spoliation that it "cannot even determine whether it manufactured the subject trailer." (Doc. 74) at 1. Defendant, however, explains in the reply that without the subject semi-trailer to inspect Defendant "has been unable to verify that the trailer with [the] VIN [alleged in the Complaint] was involved in this accident, as the VIN is not reflected in any photographs or law enforcement investigation reports." *Id.* Considering Defendant's statement in the context of a motion to dismiss for spoliation, the Court does not construe Defendant's statement as a concession of a genuine issue of material fact with respect to the Motion for Summary Judgment.

Finally, Plaintiff argues that Belcher's testimony that a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, was not the subject semi-trailer is inadmissible speculation and hearsay. Plaintiff contends that Belcher, who began working at Wabash in 2010, has no personal knowledge about a semi-trailer manufactured in 2000. *See* (Doc. 94) at 12, ¶¶ 20-21. Moreover, according to Plaintiff, Belcher spoke with only 2 Wabash employees prior to his deposition. *Id.* at 12, ¶ 23. One of those persons, Dave Kunkel, a "Wabash employee at the time of the Subject Trailer's manufacture," told Belcher the day before his deposition "some of the historical background information about the time frame in which different trailer features and models were produced." *Id.* at 12, ¶¶ 24-25; at 16. Plaintiff contends that Kunkel's statement, likewise, is hearsay. Plaintiff also asserts that Belcher prepared for his deposition testimony by only reviewing the deposition notice and documents Defendant produced in the case. *Id.* at 12, ¶ 22.

Contrary to Plaintiff's concerns about Belcher's testimony, Rule 30(b)(6) allows Belcher, as a corporate designee, to testify about matters that he has no personal knowledge of as well as about "subjective beliefs and opinions" held by Defendant. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006); *see also Kelly Servs., Inc. v. Creative Harbor, LLC*, 846

6

F.3d 857, 867 (6th Cir. 2017) (holding that Rule 30(b)(6) designee's testimony was not hearsay); *Sara Lee Corp. v. Kraft Foods Inc.*, 276 F.R.D. 500, 503 (N.D. Ill. 2011) (noting that "a Rule 30(b)(6) witness may testify not only to matters within his personal knowledge but also to matters known or reasonably available to the organization" (quotation marks and citations omitted)). Moreover, Belcher prepared for his testimony by reviewing documents and speaking with Kunkel, an employee with personal knowledge, even if that preparation occurred the day prior to Belcher's deposition. *See Brazos River Auth.* 469 F.3d at 433 (stating that business "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources"). For the above reasons, the Court finds that Plaintiff's hearsay argument has no merit and that Belcher's Rule 30(b)(6) testimony is admissible. Accordingly, the Court will not exclude Belcher's testimony that a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, was not the subject semi-trailer.

Although the Oklahoma Tax Commission document is associated with the subject semi-trailer's license plate, the registration for the semi-trailer identified in that document expired some years before the accident, but, more importantly, the specifications for the semi-trailer identified in the Oklahoma Tax Commission document simply do not match those depicted in the photographs of the subject semi-trailer. That undisputed discrepancy along with Belcher's testimony supports Defendant's contention that the Wabash semi-trailer model identified in the Complaint was not the semi-trailer implicated in Chamber's death. Even viewing the above evidence in the light most favorable to Plaintiff, a reasonable jury could not find otherwise. Accordingly, Plaintiff has not carried her burden of demonstrating that a genuine issue of material fact exists as to whether a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, was the subject semi-trailer. The Court, therefore, will grant summary

judgment as to Plaintiff's claims premised on a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228.

Because Plaintiff moves to amend the Complaint to include an alternative allegation that the subject semi-trailer was a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286, and the parties in briefing this Motion for Summary have addressed whether the evidence supports that alternative possibility, the Court will determine whether Defendant has shown that the alternative semi-trailer was not the subject semi-trailer and, if it has, whether Plaintiff has come forward with evidence from which a reasonable jury could find that a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286, was the subject semi-trailer.

The Court notes that since the allegation that the subject semi-trailer was a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286, is not before the Court, i.e., the Complaint, as it stands, does not allege that a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286, was the subject semi-trailer, the Court is not in a position to grant summary judgment as to any claims based on that semi-trailer. Nonetheless, the Court will consider the following determinations in deciding the futility issues raised in Defendant's response to the revised motion to amend.

*B. Whether a 2004 Wabash DVCV Semi-Trailer, VIN 1JJV532W84L876286, was the Subject Semi-Trailer*

Plaintiff asserts, in the alternative, that the Maine registration card, the tow company invoice, photographs of markings on the subject semi-trailer, and a VIN Decoder establish that the subject semi-trailer was a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286. Defendant makes several arguments that the admissible evidence does not support this alternative assertion.

8

Defendant argues first that the Maine registration card is not relevant to this case because it was issued in 2014, well before the collision in this case occurred in 2016. Although the registration card was issued in 2014, it did not expire until 2019. The registration card, therefore, was valid at the time of the collision in 2016. Consequently, this argument lacks merit.

Next, Defendant argues that the Court should disregard the Maine registration card because the Sundance attorney's out-of-court statement that Jeff Salmon believed that the Maine registration card belonged to the subject semi-trailer constitutes inadmissible hearsay as does Salmon's out-of-court statement regarding that belief. *See Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995) (citation omitted) (acknowledging that in summary judgment context "[h]earsay testimony cannot be considered because '[a] third party's description of [a witness'] supposed testimony is not suitable grist for the summary judgment mill'"). Defendant contends that Plaintiff offers those out-of-court statements to prove the truth of the matter asserted: that Salmon believed the Maine registration card belonged to the subject semi-trailer. Plaintiff does not address this issue in either her supplemental brief (Doc. 111) or in her reply to the revised motion to amend (Doc. 115).[3] The Court agrees with Defendant that the Sundance attorney's out-of-court statement about Salmon's belief constitutes impermissible hearsay and cannot be considered.

Defendant further argues that the Court should disregard the "40324" written on the Maine registration card because Plaintiff has not authenticated the "40324." In other words, Defendant complains that Plaintiff does not offer any evidence about who wrote that number, when it was written, or what the number refers to. Under Fed. R. Evid. 901(a), the proponent of

---

[3] Defendant raised this same issue in its response to the revised motion to amend. (Doc. 114) at 3.

a document must authenticate it by producing "evidence sufficient to support a finding that the item is what the proponent claims it is." Although one can surmise that the handwritten "40324" corresponds to the "40324" on the back of the subject semi-trailer, to do so is simply speculative. "To defeat a motion for summary judgment, evidence … must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Because Plaintiff has not provided authentication to remedy the speculative nature of the handwritten "40324," the Court cannot consider the notation on the Maine registration card. [4]

In light of the above rulings, the undisputed material evidence consists of (1) a Maine registration card indicating that Spurlin Trucking owned a 2004 Wabash semi-trailer with a possible VIN 1JJV532W84L876286, as determined by the VIN Decoder; [5] (2) a photograph of the name "Spurlin Trucking" on the side of the tractor; and (3) a tow company invoice identifying Spurlin Trucking as the company who paid the towing bill for the subject semi-trailer identified as a 2004 Wabash semi-trailer with a partial VIN 876286. The only reasonable inferences from that evidence are that Spurlin Trucking owned the 2004 Wabash semi-trailer identified in the Maine registration card with a possible VIN JJV532W84L876286, and that Spurlin Trucking possibly owned the subject 2004 Wabash semi-trailer with a partial VIN 876286. Those inferences, even if viewed in the light most favorable to Plaintiff, support Defendant's contention that the admissible evidence does not definitely establish that a 2004 Wabash semi-trailer, VIN 1JJV532W84L876286, was the subject semi-trailer. Because the VIN

---

[4] Defendant also argues that Plaintiff did not explain the discrepancy between the VIN identified in the Oklahoma Tax Commission document and the VIN identified in the Maine registration card. Considering the Court's determination to grant summary judgment as to the semi-trailer identified in the Oklahoma Tax Commission document and to limit the use of the Maine registration card, as described above, the Court need not address Defendant's argument.

[5] As noted, another VIN Decoder reported a VIN that does not match the tow company's partial VIN.

identified in the Maine registration card and the VIN identified in the tow company invoice are both incomplete, and the VIN Decoder relied on those incomplete VINs to produce the alternative VIN, it is speculative to link the semi-trailer identified in the Maine registration card with the semi-trailer identified in the tow company invoice. In other words, a reasonable jury, viewing the evidence in the light most favorable to Plaintiff, could not find that the admissible evidence necessarily demonstrates that the subject semi-trailer was a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286. Consequently, Plaintiff has not come forward with admissible evidence to demonstrate that the subject semi-trailer was definitely a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286.

Even so, the Court notes that the tow company invoice indicating that the subject semi-trailer was a Wabash semi-trailer contradicts Belcher's testimony that the subject semi-trailer was not a Wabash semi-trailer because it lacked a rear impact guard in a c-curve shape. Thus, a genuine issue of material fact exists as to whether Defendant manufactured the subject semi-trailer identified by the tow company invoice as a 2004 Wabash semi-trailer with a partial VIN 876286. The Court will, likewise, consider the above determination in deciding the revised motion to amend.

IT IS ORDERED that Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Doc. 90) is granted in that

1. summary judgment will be entered in Defendant's favor as to Plaintiff's claims based on a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228; and

2. those claims will be dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

11