IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDA HAUCK as personal representative
of the Estate of Deborah A. Chambers,

    Plaintiff,

vs.                                                    Civ. No. 18-471 KG/LF

WABASH NATIONAL CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Revised Opposed Motion for Leave to Amend Complaint (Revised Motion to Amend), filed September 18, 2019. (Doc. 113). Defendant responded on October 7, 2019, and Plaintiff replied on October 14, 2019. (Docs. 114 and 115). Having reviewed the Revised Motion to Amend and the accompanying briefing, the Court grants the Revised Motion to Amend as described below.

*I. The Complaint*

On September 6, 2016, Deborah Chambers was driving a PT Cruiser that collided with a semi-trailer, under-ridding the side of the semi-trailer (the subject semi-trailer). (Doc. 1-1) at ¶¶ 19 and 22. Chambers died as a result of the collision. *Id.* at ¶ 23. On April 6, 2018, Plaintiff filed her Complaint alleging that Defendant manufactured the subject semi-trailer and identifying it as a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228. *Id.* at ¶ 20. Plaintiff alleges that the semi-trailer failed to have "any shield, guard or other device to prevent vehicles such as the PT Cruiser from under-riding the side of the Subject Semi-Trailer." *Id.* at ¶ 21. Consequently, Plaintiff brings strict liability and negligence claims against Defendant for the defective and unreasonably dangerous condition of its semi-trailer. *Id.* at ¶¶ 24-51.

*II. Procedural Background and the Revised Motion to Amend*

Since the filing of the Complaint, Defendant has asserted that it did not manufacture the subject semi-trailer identified in the Complaint. In fact, the subject semi-trailer is unavailable and Defendant has filed a motion to dismiss for spoliation, which is pending. (Doc. 34). Defendant also filed a motion for summary judgment to dismiss Plaintiff's claims based on the semi-trailer identified in the Complaint. (Doc. 90). After further discovery on whether Defendant manufactured the subject semi-trailer, Plaintiff uncovered evidence suggesting the subject semi-trailer could have been a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286. The parties, therefore, filed supplemental briefing on the motion for summary judgment to address that additional evidence. (Docs. 108 and 111).

While the motion for summary judgment was pending, Plaintiff filed this Revised Motion to Amend so she can allege in an amended complaint that the subject semi-trailer was "either a 2000 Wabash DVCV semi-trailer (VIN: 1JJV532 W1YL629228) or a 2004 Wabash DVCV semi-trailer (VIN: 1JJV532W84L876286)…."[1] (Doc. 113-1) at 4, ¶ 20.

The Court subsequently entered summary judgment in Defendant's favor on Plaintiff's claims based on a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, as alleged in the Complaint, and dismissed those claims with prejudice. (Docs. 117 and 118). The Court, however, declined to enter summary judgment on Plaintiff's claims based on a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286, because those claims were not before the Court. (Doc. 117). Nonetheless, the Court determined that the admissible evidence and reasonable inferences from that evidence, viewed in the light most favorable to Plaintiff, did not definitely demonstrate that a 2004 Wabash DVCV semi-trailer, VIN 1JJV532W84L876286, was the

---

[1] Plaintiff also seeks to amend the Complaint to modify her venue allegation. Defendant does not oppose that amendment.

subject semi-trailer. (Doc. 117). On the other hand, the Court determined that a genuine question of material fact exists as to whether a 2004 Wabash semi-trailer with a partial VIN 876286 was the subject semi-trailer. (Doc. 117). *See* (Doc. 108-1) at 2 (tow company invoice indicating that subject semi-trailer towed from accident was 2004 Wabash semi-trailer with partial VIN 876286).

*III. Discussion*

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Rule 15(a)(2) makes explicit that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of Rule 15(a)(2) is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted). Here, Defendant argues that the Court should deny the Motion to Amend on the bases of futility and prejudice.

*A. Futility*

Defendant contends that it would be futile to allow Plaintiff to amend the Complaint to allege that either a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, or a 2004 DVCV Wabash semi-trailer, VIN 1JJV532W84L876286, was the subject semi-trailer. Defendant makes this contention based on its summary judgment arguments. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (stating that "proposed amendment is futile if the complaint, as amended, would be subject to dismissal" (citation omitted)). Since the Court

dismissed Plaintiff's claims based on a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, any attempt by Plaintiff to continue to bring those claims in an amended Complaint is futile. *See Butchard v. Cty. of Dona Ana*, 287 F.R.D. 666, 670 (D.N.M. 2012) (denying leave to amend as futile when motion to amend seeks to include previously dismissed claims). Thus, the Court will not allow Plaintiff to amend the Complaint to allege that a 2000 Wabash DVCV semi-trailer, VIN 1JJV532W1YL629228, was the subject semi-trailer.

Although the Court declined to grant summary judgment on the claims based on a 2004 DVCV Wabash semi-trailer, VIN 1JJV532W84L876286, the Court concluded that in a summary judgment context the evidence did not support those claims. If Plaintiff were to bring those claims in an amended Complaint, they would be subject to summary judgment for that reason. Accordingly, it is futile for Plaintiff to bring claims based on a 2004 DVCV Wabash semi-trailer, VIN 1JJV532W84L876286. The Court, therefore, will not allow Plaintiff to amend the Complaint to allege that a 2004 DVCV Wabash semi-trailer, VIN 1JJV532W84L876286, was the subject semi-trailer.

In contrast to the above claims, the Court found that a genuine issue of material fact exists as to claims based on a 2004 Wabash semi-trailer with a partial VIN 876286. Consequently, those claims would not be subject to summary judgment. It follows then that it is not futile for Plaintiff to allege that a 2004 Wabash semi-trailer with a partial VIN 876286 was the subject semi-trailer.

*B. Prejudice*

Defendant further argues that allowing Plaintiff to amend the Complaint would prejudice it by unfairly placing the burden on Defendant to prove it did not manufacture the subject semi-trailer. Defendant explains that Plaintiff's failure to preserve the subject semi-trailer and obtain

the VIN from the subject semi-trailer shifts the burden of proving who manufactured the subject semi-trailer from Plaintiff to Defendant. Plaintiff, however, has come forward with undisputed documentary evidence, a tow company invoice, that Defendant manufactured the subject semi-trailer, a 2004 Wabash semi-trailer with a partial VIN 876286. Moreover, Defendant admits in its response that none of its semi-trailers have side impact guards, "like every other trailer ever manufactured by anyone…." (Doc. 114) at 1. In light of that admission and considering the purpose of a complaint, to allege a plausible claim, it does not matter at this stage of the litigation that Plaintiff could establish only a partial VIN for the subject semi-trailer as long as Plaintiff has documentary evidence that Wabash manufactured the subject semi-trailer, which she does. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a plaintiff must allege facts sufficient to state a plausible claim of relief to survive Fed. R. Civ. P. 12(b)(6) motion to dismiss). In view of Plaintiff's documentary evidence and Defendant's admission about the state of its semi-trailers as well as the principle that "[t]he court should freely give leave [to amend] when justice so requires," Defendant will not be prejudiced if Plaintiff amends the Complaint to allege that a 2004 Wabash semi-trailer with a partial VIN 876286 was the subject semi-trailer. Hence, the Court will grant the Motion to Amend to permit Plaintiff to allege that a 2004 Wabash semi-trailer with a partial VIN 876286 was the subject semi-trailer.[2]

IT IS ORDERED that Plaintiff's Revised Opposed Motion for Leave to Amend Complaint (Doc. 113) is granted in that

1. Plaintiff may amend the Complaint regarding the venue allegation;

2. Plaintiff may amend the Complaint to allege that the subject semi-trailer was a 2004 Wabash semi-trailer with a partial VIN 876286; and

---

[2] The Court will separately address Defendant's concerns about spoliation when it decides the motion to dismiss for spoliation.

3. Plaintiff must file her amended Complaint no later than seven days from the date of the entry of this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE