IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| LINDA HAUCK as personal representative of the Estate of Deborah A. Chambers<br><br>Plaintiff,<br><br>v.<br><br>WABASH NATIONAL CORPORATION,<br><br>Defendant. | CIVIL NO. 1:18-cv-00471-KG-LF |

### FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Linda Hauck, as personal representative of Deborah A. Chambers, deceased, by and through her counsel, and for her First Amended Complaint against Defendant Wabash National Corporation, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Linda Hauck is a natural person who is a resident and citizen of Pima County, Arizona, more specifically, the city of Green Valley. Plaintiff is the surviving sister of Deborah A. Chambers, deceased, and was appointed as Deborah Chambers' personal representative for purposes of a wrongful death action as of July 7, 2017. The Order for Appointment of Personal Representative to Investigate, Pursue and Resolve a Wrongful Death Action is attached hereto as Exhibit "A".

2. At the time of her death, Deborah Chambers was a citizen and resident of Moriarty, Torrance County, New Mexico.

3. Deborah Chambers is survived by two daughters, Sabrina Chambers and Ivy Chambers.

4. Sabrina Chambers and Ivy Chambers comprise the class of beneficiaries entitled to recover damages for the wrongful death of Deborah Chambers, as more fully detailed in New

Mexico's Wrongful Death Act, N.M. Stat. Ann. § 41-2-3(C). Plaintiff brings this wrongful death action on behalf of all persons entitled to recover for the wrongful death of Deborah Chambers.

5. Defendant Wabash National Corporation (hereinafter "Defendant Wabash") is a Delaware corporation with a principal place of business in Indiana and may be served with process through its registered agent Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

6. According to its 10-K SEC filing, from 2012-2016, Defendant Wabash shipped 270,000 van trailers, resulting in an average of over 50,000 van trailers shipped per year.

7. According to its 10-K SEC filing, Defendant Wabash's market share of total trailer sales in the United States was 21%.

8. According to its 10-K SEC filing, over 80% of Defendant Wabash's total revenue of $1.8 billion in 2016 was due to the sale of trailers.

9. According to its 10-K SEC filing, Defendant Wabash's core customer base is made up of the nation's largest truckload common carriers, leasing companies, private fleet carriers, less-than-truckload common carriers and package carriers.

10. According to its 10-K SEC filing and website, Defendant Wabash seeks to expand and broaden its trailer base through a dealer network, consisting of 27 dealers operating 68 locations across the United States, including locations for sales, service and parts in Albuquerque, New Mexico.

11. According to its 10-K SEC filing, Defendant Wabash is a manufacturer of goods widely used in commerce and is thereby subject to product liability claims.

12. According to its website, Defendant Wabash is North America's leading producer of semi-trailers.

13. Defendant Wabash seeks to serve the entire U.S. trucking and transportation market through the production of its semi-trailers.

14. Given the nature of the use of semi-trailers, it is and was reasonably foreseeable to Defendant Wabash that its semi-trailers would be used in various states, including in New Mexico.

15. According to its website, Defendant Wabash also manages a nationwide network of retail parts and service locations to help its customers service their equipment.

16. As part of its nationwide network of retail parts and service locations, Defendant Wabash maintains facilities in New Mexico operating under the name Wabash National Trailer Centers, Inc.

17. Defendant Wabash is in the business of designing, testing, manufacturing, distributing and selling trailers, including the semi-trailer involved in the motor vehicle collision that resulted in the death of Deborah Chambers. Defendant Wabash, through its actions and those of its affiliated/parent/subsidiary companies and agents, conducts substantial business in New Mexico, in that it causes its products to be marketed, distributed, sold and used within the State of New Mexico. As such, Defendant Wabash derives significant revenue from its activities and the sale/use of its products in the State of New Mexico. Through its actions, Defendant Wabash has consented to the jurisdiction of this Court and reasonably anticipates being haled into a New Mexico court. Defendant Wabash is thus subject to personal jurisdiction in this Court pursuant to N.M. Stat. Ann. § 38-1-16(A)(1) and (3).

18. Venue as of the time of filing Plaintiff's original Complaint was proper in Santa Fe County, New Mexico pursuant to N.M. Stat. Ann. § 38-3-1(F), in that Defendant Wabash is a foreign corporation which has not designated and maintained a statutory agent in New Mexico upon whom service of process may be had. This case was removed to the current venue by

Defendant Wabash on or about May 21, 2018.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

19. On or about September 6, 2016, at approximately 10:58 p.m., in the area of mile marker 23 on Route 66 in Edgewood, Torrance County, New Mexico, Deborah Chambers was driving a 2009 Chrysler PT Cruiser (VIN: 3A8FY48959T615293) (hereinafter "PT Cruiser") eastbound on Route 66, a two-lane roadway.

20. At or around the same time, Robin Rhyne was operating a 2015 Freightliner semi-tractor (VIN: 1FUGGHDV5FLGP9250), pulling a 2004 Wabash DVCV semi-trailer with a partial VIN 876286) (hereinafter "Subject Semi-Trailer") and, more specifically, was making a left turn on to Old Route 66 off an extension road from Will Rogers Avenue, with the trailer blocking both lanes of traffic on Old Route 66.

21. The Subject Semi-Trailer was not equipped with any shield, guard or other device to prevent vehicles such as the PT Cruiser from under-riding the side of the Subject Semi-Trailer.

22. The PT Cruiser collided with and under-rode the side of the Subject Semi-Trailer (hereinafter "Subject Incident").

23. As a result of the Subject Incident, Deborah Chambers suffered severe and ultimately fatal injuries.

## COUNT I – STRICT LIABILITY

24. Plaintiff adopts and re-alleges the foregoing paragraphs of her First Amended Complaint, as if fully set forth herein.

25. In the ordinary course of business, the Subject Semi-Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold and/or placed into the stream of commerce such that it reached the State of New Mexico by the acts of Defendant Wabash.

26. The intended purpose of the Subject Semi-Trailer was and is to transport goods across the United States highway system, including highways in the State of New Mexico.

27. At the time of the Subject Incident, the Subject Semi-Trailer was used in a manner reasonably anticipated by Defendant Wabash.

28. At the time of the Subject Incident, the Subject Semi-Trailer was without substantial change in the condition in which it was designed, manufactured, tested, inspected, assembled, distributed, sold and/or placed into the stream of commerce by Defendant Wabash.

29. At the time of the Subject Incident, the Subject Semi-Trailer was in substantially the same condition as when it left the control of Defendant Wabash, except for reasonably anticipated wear and tear.

30. The Subject Semi-Trailer, when used in the manner recommended, intended and/or reasonably foreseeable to Defendant Wabash, was defective and unreasonably dangerous due to the failure to incorporate any shield, guard or other device to prevent vehicles such as the PT Cruiser from under-riding the side of the Subject Semi-Trailer.

31. Technologically and commercially feasible safer alternative designs and methods of guarding the underside of trailers existed for the Subject Semi-Trailer, which would have eliminated its unreasonably dangerous characteristics and propensities without seriously impairing its usefulness.

32. The Subject Semi-Trailer did not meet the reasonable expectations of safety and was not reasonably fit for the purposes for which it would foreseeably be used.

33. To the extent the Subject Semi-Trailer did not have the defects and unreasonably dangerous characteristics and propensities described above, the likelihood of Deborah Chambers' injuries and death, and the damages resulting therefrom, would have been eliminated.

34. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Semi-Trailer, Deborah Chambers suffered severe injuries which ultimately caused her death after conscious physical pain and emotional suffering.

35. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Semi-Trailer, and the resulting death of Deborah Chambers, Plaintiff, on behalf of the statutory class of beneficiaries, has sustained the following damages:

   a. The reasonable expenses of necessary medical care and treatment;

   b. The reasonable expenses of funeral and burial;

   c. The pain and suffering experienced by Deborah Chambers between the time of injury and her death;

   d. Pecuniary losses resulting from Deborah Chambers' death, including lost earnings, lost earning capacity, and household services;

   e. The value of Deborah Chambers' life apart from her earning capacity; and

   f. The emotional distress to the children of Deborah Chambers caused by the loss of her society, guidance and companionship.

36. The conduct of Defendant Wabash was malicious, willful, reckless, wanton, fraudulent or in bad faith, justifying the imposition of punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Linda Hauck, as personal representative of Deborah A. Chambers, deceased, prays that this Court enter judgment against Defendant Wabash for a reasonable sum of damages as will fairly and justly compensate the statutory class of beneficiaries, for punitive damages in such sum as will serve to punish Defendant and deter Defendant and others from engaging in like conduct, for her costs incurred herein, and for such other and further relief

as the Court may deem just and proper under the circumstances.

## COUNT II – NEGLIGENCE

37. Plaintiff adopts and re-alleges the foregoing paragraphs of her First Amended Complaint, as if fully set forth herein.

38. In the ordinary course of business, the Subject Semi-Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold and/or placed into the stream of commerce such that it reached the State of New Mexico by the acts of Defendant Wabash.

39. The intended purpose of the Subject Semi-Trailer was and is to transport goods across the United States highway system, including highways in the State of New Mexico.

40. At the time of the Subject Incident, the Subject Semi-Trailer was used in a manner reasonably anticipated by Defendant Wabash.

41. At the time of the Subject Incident, the Subject Semi-Trailer was without substantial change in the condition in which it was designed, manufactured, tested, inspected, assembled, distributed, sold and/or placed into the stream of commerce by Defendant Wabash.

42. At the time of the Subject Incident, the Subject Semi-Trailer was in substantially the same condition as when it left the control of Defendant Wabash, except for reasonably anticipated wear and tear.

43. Defendant Wabash owed a duty to the general motoring public, including Deborah Chambers, to design, manufacture, assemble, test, market, and/or distribute the Subject Semi-Trailer such that it was reasonably safe for intended and/or foreseeable operation.

44. Defendant Wabash knew that the Subject Semi-Trailer would be used without inspection for defective or unreasonably dangerous conditions and represented that the Subject Semi-Trailer could be safely used and would be fit for the ordinary purposes for which it was

intended.

45. At the time the Subject Semi-Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold and/or placed into the stream of commerce, it was foreseeable to Defendant Wabash that vehicles would under-ride semi-trailers in motor vehicle collisions.

46. At the time the Subject Semi-Trailer was designed, manufactured, assembled, tested, marketed, distributed, sold and/or placed into the stream of commerce by Defendant Wabash, Defendant Wabash knew or should have known that occupants of a vehicle that under-rode a semi-trailer, such as the Subject Semi-Trailer, were subject to a heightened risk of injury or death.

47. As part of its design and manufacture, and prior to placing it into the stream of commerce, Defendant Wabash equipped semi-trailers, including the Subject Semi-Trailer, with rear under-ride guards.

48. Notwithstanding the aforesaid duty, Defendant Wabash failed to exercise reasonable care and caution with respect to the Subject Semi-Trailer, in that it failed to equip the Subject Semi-Trailer with any shield, guard or other device to prevent vehicles from under-riding the side of the Subject Semi-Trailer.

49. As a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions, Deborah Chambers suffered severe injuries which ultimately caused her death after conscious physical pain and emotional suffering.

50. As a direct and proximate result of the aforesaid wrongful acts and/or omissions, and the resulting death of Deborah Chambers, Plaintiff, on behalf of the statutory class of beneficiaries, has sustained the following damages:

    a. The reasonable expenses of necessary medical care and treatment;

b. The reasonable expenses of funeral and burial;

c. The pain and suffering experienced by Deborah Chambers between the time of injury and her death;

d. Pecuniary losses resulting from Deborah Chambers' death, including lost earnings, lost earning capacity, and household services;

e. The value of Deborah Chambers' life apart from her earning capacity; and

f. The emotional distress to the children of Deborah Chambers caused by the loss of her society, guidance and companionship.

51. The conduct of Defendant Wabash was malicious, willful, reckless, wanton, fraudulent or in bad faith, justifying the imposition of punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from like conduct.

WHEREFORE, Plaintiff Linda Hauck, as personal representative of Deborah A. Chambers, deceased, prays that this Court enter judgment against Defendant Wabash for a reasonable sum of damages as will fairly and justly compensate the statutory class of beneficiaries, for punitive damages in such sum as will serve to punish Defendant and deter Defendant and others from engaging in like conduct, for her costs incurred herein, and for such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all allegations, claims and causes of action asserted herein.

Respectfully submitted,
LANGDON & EMISON LLC

/s:/ David Brose
Robert L. Langdon (admitted pro hac)
David A. Brose (admitted pro hac)

Langdon & Emison LLC
911 Main Street, PO Box 220
Lexington, MO 64067
Telephone: 660-259-6175
bob@lelaw.com
david@lelaw.com

Richard J. Grodner
Grodner Law Firm
2015 Wyoming Blvd, NE, Ste. C
Albuquerque, NM 87112
rickgrodner1@comcast.net
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was served on the counsel of record below via email this 24th day of January, 2020.

**DICKSON WRIGHT PLLC**
Mark C. Walker     Bar No. 148359
Mario Franke      Bar No. 142397
221 North Kansas Street, Suite 2000
El Paso, TX 79901
Phone: 915-541-9322
Facsimile: 844-670-6009
mwalker@dickinsonwright.com
mfranke@dickinsonwright.com

Brian M. Johnson
300 West Vine Street
Suite 1700
Lexington, KY 40507
Telephone: (859) 899-5704
BJohnson@dickinsonwright.com
COUNSEL FOR DEFENDANT
WABASH NATIONAL CORPORATION

/s:/ David Brose
Attorney for Plaintiff

Case 1:18-cv-00471-KG-LF   Document 121   Filed 01/24/20   Page 12 of 12

7TH JUDICIAL DISTRICT COURT
TORRANCE COUNTY NM
FILED IN MY OFFICE
7/7/2017 3:35:54 PM
ANGELA SIMPSON
DISTRICT COURT CLERK
/s/ Laura Pugatch   7/7/2017

STATE OF NEW MEXICO
COUNTY OF TORRANCE
SEVENTH JUDICIAL DISTRICT COURT

NO. D-722-PB-2016-00015

IN THE MATTER OF THE ESTATE OF
DEBORAH ANN CHAMBERS, DECEASED,

### ORDER FOR APPOINTMENT OF PERSONAL REPRESENTATIVE TO INVESTIGATE, PURSUE AND RESOLVE A WRONGFUL DEATH ACTION

Personal Representative Linda Hauck, through her attorney, Richard J. Grodner, has filed a Motion for Appointment as Personal Representative for Deborah Ann Chambers, Deceased, under the Wrongful Death Act, and the Court being fully advised, FINDS:

1. The Motion is well taken and should be granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, that Linda Hauck is appointed Personal Representative for Deborah Ann Chambers, Deceased, for the purpose of investigating, pursuing and resolving a wrongful-death action.

MERCEDES C. MURPHY
DISTRICT COURT JUDGE

Submitted and Approved by:
Electronically Filed
s/Richard J. Grodner
Attorney for Personal Representative, Linda Hauck
2015 Wyoming Blvd. NE, Suite C
Albuquerque, NM 87112
505.266.2566



EXHIBIT A